UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ROMAN SUBIRAT,
for himself and on behalf of others
similarly situated,

 Plaintiff (s),

v.

FEH TRANSPORTATION LLC

 Defendant,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff Roman Subirat, for himself and on behalf of other similarly situated individuals, by and through the undersigned counsel, hereby sue Defendant FEH Transportation LLC, and alleges:

### Introduction

1. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

2. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

3. This action is intended to include each and every driver transporting rental cars, dispatchers, supervisors, and similarly situated individuals who worked for Defendant at any time during the past three (3) years.

Page **1** of **26**

Jurisdiction and Venues

4. This is an action to recover monetary damages for unpaid regular and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

5. The venue is proper in this Court because all the actions raised in this complaint took place in Dade County, Florida, within the jurisdiction of this Honorable Court.

Parties

6. At all times material to this action, Plaintiff Roman Subirat was within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

7. At all times material to this action, Defendant FEH Transportation LLC (hereinafter FEH Transportation, or Defendant) was, and continues to be, a Florida Limited Liability Company. Defendant has a place of business in Miami, Florida.

8. At all times material to this action, Plaintiff was an employee of Defendant within the meaning of §203 of the FLSA.

9. At all times material to this action, Defendant was Plaintiff's employer, within the meaning of §203 of the FLSA.

10. Defendant was and continues to be an employer within the meaning of the FLSA.

11. At all times material to this action, Defendant was and continues to be an enterprise engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides rental car transportation services to car rental companies and affects interstate commerce through its business activity. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce

to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. At all times, according to this action, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

12. At all times material to this action Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce.  Plaintiff and those similarly situated worked as rental car drivers, and through their daily activities, Plaintiff and those similarly situated regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business. Therefore, there is FLSA individual coverage.

13. At all times material to this action, the work performed by Plaintiff was essential to the business performed by Defendant.

14. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

Statement of Facts

15. This cause of action is brought by Plaintiff Roman Subirat as a collective action to recover from the Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the collective class members") and who worked over forty (40) hours during one or more weeks on or after January 2022, (the "relevant time") without being properly compensated.

16. Defendant FEH  Transportation is a Florida business that provides rental car transportation

services to rental car companies such as Avis and Enterprise. The core business of FEH Transportation was to transport rental cars for rental car agencies from one point to another so the cars could be serviced and/ or cleaned and then returned to the rental car agencies.

17. To perform its business, Defendant FEH  Transportation employed hundreds of drivers who were driven to different drop-off points and rental car agencies in Florida.

18. Defendant FEH  Transportation has the policy and practice of misclassifying its employees as "Independent Contractors" to evade the payment of minimum wages and overtime hours, as required by the Fair Labor Standards Act.

19. During his employment with Defendant, Plaintiff Roman Subirat and other similarly situated individuals were wrongly classified as "Independent Contractors." However, they were employees of Defendant under the FLSA and IRS regulations.

20. Plaintiff  and other similarly situated individuals were employees of Defendant, under the protection of FLSA regulations because; 1) Plaintiff was a full time employee working a pre-set mandatory regular schedule; 2) Plaintiff worked for Defendant consistently more than 40 hours weekly for a period of more than three years; 3) Plaintiff depended exclusively of his employment with Defendant, and during his period of employment, he did not have any other job; 4) Defendant had absolute control over Plaintiff's hours of work, it provided Plaintiff with his work schedule, assigned and transported him to his pick up points and assigned him its trips, duties and tasks; 5) Due to the nature of the business, Defendant monitored Plaintiff closely;  6) Plaintiff did not have any discretion to perform his work assignments or authority to refuse them; 7) The work performed by Plaintiff was an integral part of the Defendant's business;  8) Plaintiff performed his work exclusively

for Defendant's customers; 9) Every day Plaintiff reported to work as scheduled by Defendant and performed his duties following instructions from Defendant.

21. Because of the foregoing, Plaintiff Roman Subirat was an employee of FEH Transportation, within the meaning of 29 U.S.C. § 203(e)(1).

22. Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and it was required to comply with the mandates of the FLSA as it applied to Plaintiff and other similarly situated individuals.

23. Defendant FEH  Transportation employed Plaintiff Roman Subirat from approximately April 01, 2021, to October 12, 2024, or more than three years (184 weeks). However, for FLSA purposes, Plaintiff's relevant period of employment is 145 weeks. Plaintiff was hired as a rental car driver.

24. While employed by Defendant Plaintiff and other similarly situated individuals were transported in a Company van with 13 or 15 other drivers from Miami to all over Florida to pick up or drop off cars at different locations.

25. Plaintiff was compensated with a piece rate. They were paid a different piece rate depending on the trip, or drive length.

26. However, Defendant has a common pay policy and/or pay practice that violates the FLSA requirements of paying minimum wages for every hour worked and overtime payment for every hour in excess of 40 within a week.

27. During high season, approximately from October 01, to May 31, or 35 weeks, Plaintiff worked seven days from Monday to Sunday, an average of 15 hours daily, or an average of 105 hours weekly.

28. Plaintiff was paid bi-weekly an average of $1,100.00, or $550.00 weekly.

29. During low season, approximately from June 01 to September 30, or 17 weeks, Plaintiff worked an average of 4 days per week, an average of 46 hours weekly.

30. In low season, Plaintiff was paid bi-weekly for an average of 36 hours, $368.00, or $184.00 weekly.

31. The amount paid to Plaintiff in high and low season, divided by the number of hours worked, always resulted in a regular rate lower than the minimum wage required by law.

32. Defendant not only misclassified Plaintiff and other similarly situated individuals as independent contractors but also failed to pay them for every hour worked at least at the minimum wage rate and overtime hours at the rate of time and a half their regular rate, as required by law.

33. Plaintiff was paid only for the hours spent driving. Defendant refused to pay Plaintiff and other similarly situated individuals for the time spent as passengers being driven to their pick-up locations or when in the van traveling back to Miami.

34. Traveling was part of Plaintiff's principal activity. Plaintiff and other similarly situated drivers, traveled from job site to job site during the workday, which was work time and must be counted as hours worked.

35. As a direct result of Defendant's unlawful practices, the amount paid to Plaintiff every week, divided by the number of hours worked during the week, resulted in a regular hourly rate lower than the required minimum wage.

36. Plaintiff worked more than 40 hours weekly, but they were not paid for overtime hours as required by law.

37. Plaintiff did not clock in and out, but Defendant kept track of the hours worked by Plaintiff and other similarly situated individuals. Defendant controlled Plaintiff's schedule and activities, they knew the number of hours worked by Plaintiff and the other drivers.

38. Therefore, Defendant willfully failed to pay Plaintiff overtime wages at the rate of time and a half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)

39. Defendant also failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

40. Plaintiff was paid bi-weekly in cash, checks, and by direct deposits, without any record or paystub providing accurate information about the wage rate paid, the number of days and hours worked, employee taxes deducted, etc.

41. On or about October 12, 2024, Plaintiff formally raised concerns about unpaid overtime, advocating for himself and his co-workers.

42. Plaintiff Roman Subirat complained about the lack of payment for regular and overtime payments to his superior Regla LNU. She did not like Plaintiff's complaint and immediately fired Plaintiff and ordered him not to come back to the workplace anymore.

43. Plaintiff does not have time and payment records, but he will provide a good-faith estimate of unpaid wages based on his recollections. Plaintiff will amend his Statement of Claim accordingly when Defendant produces time and payment records.

44. Plaintiff Roman Subirat and others similarly situated intend to recover regular wages, unpaid regular and overtime wages for every hour in excess of 40 in a week, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Allegations</u>

45. Plaintiff and the putative collective class members were all "drivers," "lead drivers," and "supervisors" who performed the same or similar job duties as one another in that they transported rental cars for Defendant's corporate clients.

46. Plaintiff and the putative collective class members were subjected to the same pay provisions, and they were not compensated for regular and overtime hours as a result of Defendant's common policies and practices, including but not limited to the following:

   a. Plaintiff and those similarly situated have been misclassified as "Independent Contractors" even though they were employees of Defendant, covered by the FLSA.

   b. Plaintiff and those similarly situated were not compensated for many hours of compensable "travel time hours."

   c. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff and those similarly situated to Plaintiff at the rate of one and one-half their regular rate for all hours worked in excess of forty (40) per workweek, as provided by the FLSA.

   d. Plaintiff and those similarly situated individuals, were paid less than the required minimum wage, as provided by the FLSA.

   e. Defendant failed to maintain time-accurate records of hours worked by Plaintiff and other similarly situated employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

f.   Defendant failed to post any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

47. Defendant's uniform method of payment to Plaintiff and the putative collective class members resulted in a violation of the FLSA minimum wage and overtime payment requirements.   These policies and practices were applied to Plaintiff and the putative collective class members.

48. Therefore, the putative collective class members are properly defined as:

1.  **All drivers, lead drivers, supervisors, and any similarly situated individuals who worked for Defendant FEH  Transportation located at 4310 SW 108th Avenue, Miami, Florida 33165, and**

2.  **Who have been misclassified as "Independent Contractors" even though they were employees of Defendant FEH  Transportation LLC, covered by the FLSA, and**

3.  **Who worked or currently work as drivers, lead drivers and supervisors for Defendant FEH  Transportation LLC, and**

4.  **Who worked in excess of forty (40) hours every week and were not paid proper overtime payment, at the rate of time and one-half their regular rate for all hours worked in excess of forty (40) every week,  in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1), and**

5.  **Who were not paid for travel time hours, and**

6.  **Who were not paid minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.**

49. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay regular and overtime wages to Plaintiff and the putative collective class members.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AS PER PLAINTIFF ROMAN SUBIRAT

50. Plaintiff Roman Subirat re-adopts every factual allegation stated in paragraphs 1-49 above as if set out in full herein.

51. In the three years preceding the filing of the Complaint in this action, in one or more workweeks, Plaintiff and other similarly situated drivers worked hours in excess of (40) for which Plaintiff and other similarly situated housekeepers were not compensated at the statutory rate of time and one-half their regular rate.

52. During the three years preceding the filing of this action, other drivers, lead drivers, and drivers supervisors were not paid proper overtime hours in one or more weeks, because Defendant has failed to credit Plaintiff and the collective class members for travel time, as compensable hours worked, and has failed to pay Plaintiff for the overtime hours the statutory overtime rate at one and one-half their regular rate of pay for such hours, pursuant to Defendant's policies, plans, and practices which were equally applicable to Plaintiff and the collective class members.

53. Defendant FEH  Transportation Defendant FEH  employed Plaintiff Roman Subirat from approximately April 01, 2021, to October 12, 2024, or more than three years (184 weeks). However, for FLSA purposes, Plaintiff's relevant period of employment is 145 weeks. Plaintiff was hired as a rental car driver.

54. While employed by Defendant Plaintiff was transported in a Company van with 13 or 15 other drivers from Miami to all over Florida to pick up or drop off cars at different locations.

55. Plaintiff was compensated with a piece rate. He was paid a different piece rate depending on the trip, or drive length.

56. However, Defendant has a common pay policy and/or pay practice that violates the FLSA requirements of paying minimum wages for every hour worked and overtime payment for every hour in excess of 40 within a week.

57. During high season, approximately from October 01, to May 31, or 35 weeks, Plaintiff worked seven days from Monday to Sunday, an average of 15 hours daily, or an average of 105 hours weekly.

58. Plaintiff was paid bi-weekly an average of $1,100.00, or $550.00 weekly.

59. During low season, approximately from June 01 to September 30, or 17 weeks, Plaintiff worked an average of 4 days per week, an average of 46 hours weekly.

60. In low season, Plaintiff was paid bi-weekly for an average of 36 hours, $368.00, or $184.00 weekly.

61. The amount paid to Plaintiff in high and low season, divided by the number of hours worked, always resulted in a regular rate lower than the minimum wage required by law.

62. Defendant not only misclassified Plaintiff and other similarly situated individuals as independent contractors but also failed to pay them for every hour worked at least at the minimum wage rate and overtime hours at the rate of time and a half their regular rate, as required by law.

63. Plaintiff was paid only for the hours spent driving. Defendant refused to pay Plaintiff for the time spent as a passenger being driven to his pick-up locations or when in the van traveling back to Miami.

64. Traveling was part of Plaintiff's principal activity. Plaintiff and other similarly situated drivers, traveled from job site to job site during the workday, which was work time and must be counted as hours worked.

65. Plaintiff worked more than 40 hours weekly, but they were not paid for overtime hours as required by law.

66. Plaintiff did not clock in and out, but Defendant kept track of the hours worked by Plaintiff and other similarly situated individuals. Defendant controlled Plaintiff's schedule and activities, they knew the number of hours worked by Plaintiff and the other drivers.

67. Therefore, Defendant willfully failed to pay Plaintiff overtime wages at the rate of time and a half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)

68. Plaintiff was paid bi-weekly in cash, checks, and by direct deposits, without any record or paystub providing accurate information about the wage rate paid, the number of days and hours worked, employee taxes deducted, etc.

69. Plaintiff was fired on or about October 12, 2024, after he complained about unpaid overtime hours.

70. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

71. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

72. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

73. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

74. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

a. Total amount of unpaid O/T wages:

Thirty-Seven Thousand Five Hundred Thirty-Eight Dollars and 76/100 ($37,538.76)

b. Calculation of such wages:

Total weeks of employment:  184 weeks
Relevant weeks of employment:  145 weeks

1.- Unpaid overtime for hours worked during the high season from January 01, 2022, to October 12, 2024= 97 weeks

Total relevant weeks: 97 weeks
Total number of hours worked: 105 hours weekly average
Total number of unpaid O/T hours: 65 O/T hours
Paid: $550.00 weekly: 105 hours= $5.23
Hourly rate: $5.23 an hour
Minimum wage: $7.25 x 1.5=$10.87 O/T rate
O/T rate: $10.87-$5.23 rate paid=$5.64 O/T difference
O/T difference:  $5.64

$5.64 x 65 O/T hrs=$366.60  weekly x 97 weeks=$35,560.20

2.- Unpaid overtime for hours worked during the low season from January 01, 2022, to October 12, 2024= 48 weeks

Total relevant weeks: 48 weeks
Total number of hours worked: 46 hours weekly average
Total number of unpaid O/T hours: 6 O/T hours
Paid: $184.00 weekly: 46 hours= $4.00
Hourly rate: $4.00 an hour
Minimum wage: $7.25 x 1.5=$10.87 O/T rate

O/T rate: $10.87-$4.00 rate paid=$6.87 O/T difference
O/T difference:  $6.87

$6.87 x 6 O/T hrs=$41.22  weekly x 48 weeks=$1,978.56

Total #1 and #2: $37,538.76

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents regular unpaid overtime wages[1]

75. At all times material hereto, the Employer/Defendant FEH  Transportation failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and the collective class members who performed services and worked over the maximum hours provided by the Act but no provision was made by Defendant to properly pay them at the rate of time and one-half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

76. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and similarly situated individuals these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated individuals are entitled to recover double damages.

77. Defendant FEH  Transportation willfully and intentionally refused to pay Plaintiff's and those similarly situated individuals overtime wages at the rate of time and one-half their regular rate, as required by the law of the United States, and remains owing Plaintiff and

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

those similarly situated individuals these overtime wages since the commencement of their employment with Defendant as set forth above.

78. Plaintiff Roman Subirat, for himself and on behalf of other similarly situated individuals, has retained the law offices of the undersigned attorney to represent them in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Roman Subirat and those similarly situated respectfully request that this Honorable Court:

A. An order conditionally certifying this action as a collective action.

B. Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful.

C. Requiring Defendant to provide the names and current (or best known) mailing and e-mail addresses of all similarly situated individuals.

D. Authorizing Notice of this collective action, or that the Court issue such Notice to all similarly situated individuals informing them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit.

E. Enter judgment for Plaintiff Roman Subirat and other similarly situated individuals and against Defendant FEH Transportation, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

F. Award Plaintiff Roman Subirat, and other similarly situated, actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

G. Award Plaintiff and other similarly situated an equal amount in double

damages/liquidated damages; and

H.  Award Plaintiff and those similarly situated individuals reasonable attorneys' fees and costs of suit; and

I.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Jury Demand</u>

Plaintiff Roman Subirat demands trial by jury of all issues triable as of right by jury.

<b><u>COUNT II:</u></b><br>
<b><u>FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AS PER PLAINTIFF ROMAN SUBIRAT</u></b>

79. Plaintiff Roman Subirat re-adopts every factual allegation stated in paragraphs 1-44 of this Complaint as if set out in full herein.

80. Plaintiff brings this action to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

 (1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

81. Defendant FEH  Transportation employed Plaintiff Roman Subirat from approximately April 01, 2021, to October 12, 2024, or more than three years (184 weeks). However, for FLSA purposes, Plaintiff's relevant period of employment is 145 weeks. Plaintiff was hired as a rental car driver.

82. Defendant has a common pay policy and/or pay practice that violates the FLSA requirements of paying minimum wages for every hour worked.

83. During his employment with Defendant, Plaintiff Roman Subirat and other similarly situated individuals were wrongly classified as "Independent Contractors." However, they were employees of Defendant under the FLSA and IRS regulations.

84. While employed by Defendant Plaintiff was transported in a Company van with 13 or 15 other drivers from Miami to all over Florida to pick up or drop off cars at different locations.

85. Plaintiff was compensated with a piece rate. He was paid a different piece rate depending on the trip, or drive length.

86. During high season, approximately from October 01, to May 31, or 35 weeks, Plaintiff worked seven days from Monday to Sunday, an average of 15 hours daily, or 105 hours weekly average.

87. Plaintiff was paid bi-weekly an average of $1,100.00, or $550.00 weekly.

88. During low season, approximately from June 01 to September 30, or 17 weeks, Plaintiff worked an average of 4 days per week, an average of 46 hours weekly.

89. In low season, Plaintiff was paid bi-weekly for an average of 36 hours, $368.00, or $184.00 weekly.

90. The amount paid to Plaintiff in high and low season, divided by the number of hours worked, always resulted in a regular rate lower than the minimum wage required by law.

91. Defendant not only misclassified Plaintiff and other similarly situated individuals as independent contractors but also failed to pay them for every hour worked at least at the minimum wage, as required by law.

92. Plaintiff and others who were similarly situated were paid only for hours spent driving. Defendant refused to pay Plaintiff for the time spent as passenger being driven to his pick-up locations or traveling back to Miami in the van.

93. Traveling was part of Plaintiff's principal activity. Plaintiff and other similarly situated drivers, traveled from job site to job site during the workday, which was work time and must be counted as hours worked.

94. As a direct result of Defendant's unlawful practices, the amount paid to Plaintiff every week, divided by the number of hours worked during the week, resulted in a regular hourly rate lower than the required minimum wage.

95. A substantial number of hours were not compensated at least at the minimum wage rate established by the FLSA.

96. Plaintiff did not clock in and out, but Defendant kept track of the hours worked by Plaintiff and other similarly situated individuals. Defendant controlled Plaintiff's schedule and activities, they knew the number of hours worked by Plaintiff and the other drivers.

97. Therefore, Defendant failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

98. Plaintiff was paid bi-weekly in cash, checks, and by direct deposits, without any record or paystub providing accurate information about the wage rate paid, the number of days and hours worked, employee taxes deducted, etc.

99. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other similarly situated individuals.

100.     Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

101.     Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 USC § 516.4.

102.     Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid wages is as follows:

*Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

   a.  <u>Total amount of alleged unpaid wages</u>:

   Twenty-Seven Thousand Seven Hundred Forty-Nine Dollars and 50/100 ($27,749.70)

   b.  <u>Calculation of such wages</u>:

   Total period of employment: 145 weeks
   Total number of relevant weeks: 145 weeks

**1.- Minimum wages for hours worked during the high season from January 01, 2022, to October 12, 2024= 97 weeks**

Total relevant weeks: 97 weeks
Total number of hours worked: 105 hours weekly average
Paid: $550.00 weekly: 105 hours= $5.23
Hourly rate: $5.23 an hour
Minimum wage: $7.25- $5.23 rate paid=$2.02 an hour

Minimum wage difference:  $2.02 an hour

$2.02 x 105 hrs worked=$212.10  weekly x 97 weeks=$20,573.70

**2.- Minimum wages for hours worked during the low season from January 01, 2022, to October 12, 2024= 48 weeks**

Total relevant weeks: 48 weeks
Total number of hours worked: 46 hours weekly average
Paid: $184.00 weekly: 46 hours= $4.00 an hour
Minimum wage: $7.25 - $4.00 rate paid=$3.25 an hour
Minimum wage difference:  $3.25 an hour

$3.25 x 46 hrs worked=$149.50  weekly x 48 weeks=$7,176.00

Total #1 and #2: $27,749.70

c.  Nature of wages:

This amount represents regular unpaid wages at the federal minimum wage rate.[2]

103.    Defendant FEH Transportation unlawfully failed to pay minimum wages to Plaintiff.

104.    Defendant knew and showed reckless disregard for the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remained owing Plaintiff these minimum wages.

---

[2]At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

105.     Defendant FEH  Transportation willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remains owing Plaintiff these minimum wages as set forth above.

106.     Plaintiff has retained the law offices of the undersigned attorney to represent him individually and on behalf of the asserted class and incurred attorney's fees and costs in bringing this action. Pursuant to 29 USC § 216 (b), Plaintiff is entitled to recover reasonable attorney's fees and costs.

## Prayer for Relief

Wherefore, Plaintiff Roman Subirat respectfully requests that this Honorable Court:

A.  Enter judgment for Plaintiff and against the Defendant FEH  Transportation, based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.   Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Roman Subirat and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AS PER PLAINTIFF ROMAN SUBIRAT

107. Plaintiff Roman Subirat re-adopts every factual allegation stated in paragraphs 1-46 of this Complaint as if set out in full herein.

108. Defendant FEH Transportation was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

109. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

110. 29 USC § 206 (a) (1) states, "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

111. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

112. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

113. Defendant FEH Transportation employed Plaintiff Roman Subirat as a driver from approximately April 01, 2021, to October 12, 2024, or more than three years (184 weeks). However, for FLSA purposes, Plaintiff's relevant period of employment is 145 weeks. Plaintiff was hired as a rental car driver.

114. Defendant FEH Transportation misclassified Plaintiff as an "Independent

Contractor" to evade the payment of minimum wages and overtime hours, as required by the Fair Labor Standards Act.

115.     While employed by Defendant Plaintiff was transported in a Company van with 13 or 15 other drivers from Miami to all over Florida to pick up or drop off cars at different locations.

116.     Plaintiff was compensated with a piece rate. He was paid a different piece rate depending on the trip or drive length.

117.     During high season, approximately from October 01, to May 31, or 35 weeks, Plaintiff worked seven days from Monday to Sunday, an average of 15 hours daily, or an average of 105 hours weekly.

118.     Plaintiff was paid bi-weekly an average of $1,100.00, or $550.00 weekly.

119.     During low season, approximately from June 01 to September 30, or 17 weeks, Plaintiff worked an average of 4 days per week, an average of 46 hours weekly.

120.     In low season, Plaintiff was paid bi-weekly for an average of 36 hours, $368.00, or $184.00 weekly.

121.     The amount paid to Plaintiff in high and low season, divided by the number of hours worked, always resulted in a regular rate lower than the minimum wage required by law.

122.     Defendant not only misclassified Plaintiff and other similarly situated individuals as independent contractors but also failed to pay them for every hour worked at least at the minimum wage rate and overtime hours at the rate of time and a half their regular rate, as required by law.

123. Plaintiff was paid only for the hours spent driving. Defendant refused to pay Plaintiff and other similarly situated individuals for the time spent as passengers being driven to their pick-up locations or traveling back to Miami in the van.

124. Traveling was part of Plaintiff's principal activity. Plaintiff and other similarly situated drivers, traveled from job site to job site during the workday, which was work time and must be counted as hours worked.

125. As a direct result of Defendant's unlawful practices, the amount paid to Plaintiff every week, divided by the number of hours worked, resulted in a regular hourly rate lower than the required minimum wage.

126. Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours as required by law.

127. Plaintiff did not clock in and out, but Defendant kept track of the hours worked by Plaintiff and other similarly situated individuals. Defendant controlled Plaintiff's schedule and activities, it knew the number of hours worked by Plaintiff and the other drivers.

128. Therefore, Defendant willfully failed to pay Plaintiff overtime wages at the rate of time and a half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)

129. Defendant also failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

130. Plaintiff was paid bi-weekly in cash, checks, and by direct deposits, without any record or paystub providing accurate information about the wage rate paid, the number of days and hours worked, employee taxes deducted, etc.

131. The plaintiff disagreed with his extended working hours and the lack of appropriate compensation for regular and overtime hours, and he complained several times to his superiors.

132. On or about October 12, 2024, Plaintiff Roman Subirat formally raised concerns about unpaid overtime, advocating for himself and his co-workers. Plaintiff Roman complained about the lack of payment for regular and overtime payments to his superior Regla LNU.

133. These complaints constituted protected activity under the FLSA.

134. However, as a direct result of Plaintiff's complaints, he was immediately fired. The supervisor ordered Plaintiff not to come back to the workplace anymore.

135. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

136. There is close proximity between Plaintiff's protected activity on or about October 12, 2024, and his termination.

137. As described above, the motivating factor that caused Plaintiff's discharge was his complaints seeking unpaid regular and overtime wages from Defendant. In other words, Plaintiff would not have been fired but for his complaints about unpaid wages.

138. Defendant's termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and as a direct result, Plaintiff has been damaged.

139. Plaintiff Roman Subirat has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Roman Subirat respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant FEH  Transportation, that Plaintiff Roman Subirat recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant FEH  Transportation, to make whole Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Roman Subirat further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Roman Subirat demands a trial by a jury of all issues triable as a right by a jury.

Date: February 14, 2025

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs and the Putative*
*Collective Class Members*