**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO: 1:25-CV-20684-RKA**

ROMAN SUBIRAT,
for himself and on behalf of others
Similarly situated,

      Plaintiff,

v.

FEH TRANSPORTATION LLC,

      Defendant.

_____/

## FEH TRANSPORTATION LLC's ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

FEH Transportation LLC ("FEH" or "Defendant"), respectfully submits its Answer, Affirmative Defenses and Demand for Jury Trial to Plaintiff's Complaint for Damages [D.E. 1], and states the following:

### INTRODUCTION AND SUMMARY

1. Admitted for jurisdictional purposes only that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act. Defendant denies any wrongdoing and further denies that Plaintiff is entitled to any relief from Defendant.

2. Denied.

3. Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

CASE NO: 1:25-CV-20684-RKA

## JURISDICTION AND VENUES

4.      Admitted for jurisdictional purposes only.  Defendant denies any wrongdoing and further denies that Plaintiff is entitled to any relief from Defendant.

5.      Admitted for venue purposes only.  Defendant denies any wrongdoing and further denies that Plaintiff is entitled to any relief from Defendant.

## PARTIES

6.      Defendant lacks knowledge or information sufficient to admit or deny whether Plaintiff was within the jurisdiction of this court at all times material to this action therefore denies the allegations. All other allegations contained in this paragraph are denied.

7.      Admitted for jurisdictional purposes only. Defendant denies any wrongdoing and further denies that Plaintiff is entitled to any relief from Defendant.

8.      Denied.

9.      Denied.

10.     Denied as phrased.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

## STATEMENT OF FACTS

15.     Admitted that Plaintiff's purported action concerns a claim to recover overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act. All other allegations are denied.

16.     Admitted.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied as Plaintiff has access to a clear record of his wages.

44.     Denied.

## COLLECTIVE ALLEGATIONS

45.     Admitted that Plaintiff's role at Defendant's company was as a driver, employed as an independent contractor. Defendant is without sufficient knowledge as to the rest of the purported collective class members, therefore denied. Defendant denies any wrongdoing and further denies that Plaintiff is entitled to any relief from Defendant.

46.     As to allegations 46(a)-(f), denied.

47.     Denied.

48.     Denied.

49.     Denied.

## COUNT I - WAGE AND HOUR FEDERAL STATUTORY VIOLATIONS; FAILURE TO PAY OVERTIME; AS PER PLAINTIFF ROMAN SUBIRAT

50.     Defendant restates and reallages his responses to paragraphs 1 through 49 as if fully set forth herein.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     At this time, Defendant is without sufficient knowledge as to the calculation of Plaintiff's unpaid wages, therefore denied.

75.     Denied.

76.     Denied.

77.     Denied.

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

78.     Defendant lacks knowledge and sufficient information to admit or deny the remaining allegations of this paragraph. Therefore denied.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief sought or any other relief in this action. Defendant denies all factual allegations, if any, contained in the Prayer for Relief and denies any wrongdoing. Further, Defendant respectfully requests this honorable Court award Defendant its reasonable attorneys' fees and costs in connection with the defense of Plaintiff's claim which was, and is, brought frivolously, unreasonably, and/or without grounds, against Defendant, and grant such further relief as the Court may deem just and proper.

## COUNT II – FLSA WAGE AND HOUR FEDERAL VIOLATION; FAILURE TO PAY MINIMUM WAGE; AS PER PLAINTIFF ROMAN SUBIRAT

79.     Defendant restates and reallages his responses to paragraphs 1 through 49 as if fully set forth herein.

80.     Admitted Plaintiff's purported claim concerns recovery of unpaid wages, liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201. Defendant denies any wrongdoing and further denies that Plaintiff is entitled to any relief from Defendant.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Defendant is without sufficient knowledge as to the calculation of Plaintiff's unpaid wages, therefore denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Defendant lacks knowledge and sufficient information to admit or deny the allegations of this paragraph, therefore denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief sought or any other relief in this action. Defendant denies all factual allegations, if any, contained in the Prayer for Relief and denies any wrongdoing. Further, Defendant respectfully requests this honorable Court award Defendant its reasonable attorneys' fees and costs in connection with the defense of Plaintiff's claim which was, and is, brought frivolously, unreasonably, and/or without grounds, against Defendant, and grant such further relief as the Court may deem just and proper.

## COUNT III – FEDERAL STATUTORY VOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AS PER PLAINTIFF ROMAN SUBIRAT

107. Def restates and reallages his responses to paragraphs 1 through 49 as if fully set forth herein.

108. Admitted.

109. Admitted.

110. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations.

111. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations.

112. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations.

113. Denied.

114. Denied.

115. Denied.

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

116.   Denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

136.   Denied.

137.   Denied.

138.   Denied.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

139.     Defendant lacks knowledge and sufficient information to admit or deny the allegations of this paragraph, therefore denied.

## PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief sought or any other relief in this action. Defendant denies all factual allegations, if any, contained in the Prayer for Relief and denies any wrongdoing. Further, Defendant respectfully requests this honorable Court award Defendant its reasonable attorneys' fees and costs in connection with the defense of Plaintiff's claim which was, and is, brought frivolously, unreasonably, and/or without grounds, against Defendant, and grant such further relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Without shifting the burden of proof where it otherwise rests with Plaintiff, Defendant asserts the following Affirmative and Other Defenses:

1.     Plaintiff fails to state a claim for which relief can be granted as it relates Count I of the Complaint as Plaintiff has failed to allege sufficient ultimate facts to support the cause of action for failure to pay overtime wages.

2.     Plaintiff fails to state a claim for which relief can be granted as it relates to Count II of the Complaint as Plaintiff has failed to allege sufficient ultimate facts to support the cause of action for failure to pay minimum wages.

3.     Plaintiff has failed to state to claim for which relief can be granted as it related to Count III of the Complaint as Plaintiff has failed to allege sufficient facts to establish a claim for retaliatory termination.

4.     To the extent that Plaintiff is seeking damages for Defendant's alleged retaliatory discharge, Plaintiff's claim is barred due to his abandonment of his employment position.

5.     Plaintiff's claims are barred, in whole or in part, as Plaintiff is not an employee of Defendant under the FLSA; Plaintiff is an independent contractor.

6.     Plaintiff's claims are barred, in whole or in part, by the statute of limitations pursuant to 29 USC § 255(b)(1). In Plaintiff's calculation of unpaid wages/overtime wages, Plaintiff begins his calculations from January 1, 2022, which is more than two years prior to the filing of this suit. Plaintiff's claim for unpaid wages/overtime is limited to two years prior to the filing of this suit, which would begin on February 14, 2023.

7.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's at-will employment status. Plaintiff was an at-will employee who could be terminated with or without cause. Defendant had the right to terminate Plaintiff's at-will employment with or without cause.

8.     Defendant states that Plaintiff's FLSA claim is barred, in whole or in part, to the extent he seeks compensation for anything other than compensable working time (i.e., hours worked). Plaintiff's regular wage rate cannot be based upon, and overtime compensation cannot be recovered by Plaintiff for periods of time during which Plaintiff did not perform work, including bona fide meal or rest periods thirty (30) minutes in duration or longer, vacation, sick/medical leave, or for periods of time which Plaintiff was otherwise absent from the workplace, such as holidays.

9.     Plaintiff has failed to mitigate or minimize his damages as it relates to lost wages by failing to find a comparable position in the same field, or to diligently seek such a position.

10.     Plaintiff is not entitled to injunctive relief because Plaintiff has an adequate remedy at law. Further, Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that he will suffer irreparable harm.

11.     Defendant states that Plaintiff's claims for attorney's fees are barred in whole or in part, in that Plaintiff is not entitled to recover his reasonable attorney's fees under the FLSA if found that Plaintiff's claim was brought in bad faith. See *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1168 (S.D. Fla. 2003) (finding "an entitlement to attorney's fees cannot be a carte blanche license for Plaintiffs to outrageously and in bad faith run up attorney's fees" and recognizing "courts in this jurisdiction may award attorney's fees under the FSLA to prevailing defendants upon a finding that the plaintiff litigated in bad faith") (second emphasis added) (citing *Turlington v. Atl. Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998)).

12.     Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff's hands are unclean by failing to accurately report his hours to Defendant, allowing Defendant to properly compensate Plaintiff for hours worked.

13.     Defendant acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of Plaintiff, or any duty owed to Plaintiff.

14.     Defendant did not act willfully and/or with the intent to deprive Plaintiff of any compensation or pay that Plaintiff is alleging or claiming this action under the FLSA, the entitlement to which Defendant expressly denies.

15.     Defendant states that it is entitled to a set-off, offset, or recoupment for overpayments made to Plaintiff throughout his employment with Defendant. See *Nicopior v. Moshi Moshi Palm Grove, LLC*, 375 F.Supp.3d 1278, 1284 (S.D. Fla. Case 0:24-cv-62144 2019) ("An employer may raise a set-off as an affirmative defense in a case where an employee received an

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

overpayment of wages because the set-off only reduces the overpayment while preserving a plaintiff's recovery of wages under the FLSA."). Any such set-off shall not reduce the amount Plaintiff can recover below the statutory minimum wage. See *Perez v. South Florida Landscape Maintenance, Inc.*, 2014 WL 293774, *3 (S.D. Fla. 2014) (noting that set-off is allowed in FLSA cases as long as it does not cause a plaintiff's wages to fall below the statutory minimum wage).

16.     Defendant states that Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and/or estoppel by silence to the extent Plaintiff failed to accurately report his hours allegedly worked. See McGlothan v. Walmart Stores, Inc., 2006 WL 1679592, at *2 (M.D. Fla. 2006) ("Binding precedent in this Circuit establishes that the affirmative defense of estoppel is available in response to an FLSA claim where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours.").

17.     Defendant states that Plaintiff is not entitled to an award of liquidated damages pursuant to 29 USC § 260 because Defendant, at all times material, acted in good faith and with reasonable grounds to believe that its actions or inactions were in full compliance with all provisions of the FLSA. 29 U.S.C. § 260. Specifically, Defendant correctly classified Plaintiff as an exempt employee and paid Plaintiff in accordance with his salary and bonus structure.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to amend its affirmative defenses, and to assert additional affirmative defenses, if and when it becomes appropriate to do so.  Discovery has not yet begun in this matter.

CASE NO: 1:25-CV-20684-RKA

WHEREFORE, the Defendant, FEH TRANSPORTATION, LLC, respectfully requests judgment against Plaintiff for costs and all other damages which this Court deems just and equitable including an award of reasonable attorneys' fees and grant such further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a jury trial on all issues so triable.

Dated: March 12, 2025

Respectfully Submitted,

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Defendant,*
*FEH TRANSPORTATION LLC*
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (954) 343.3931
Fax: (561) 683-8977
Primary e-mail: franklin.jara@csklegal.com
Secondary e-mail: andres.martinez@csklegal.com
Alternate e-mail: paola.valdes@csklegal.com

By:     ***s/ Franklin A. Jara***
        FRANKLIN A. JARA
        Florida Bar No.:  636681
        ANDRES J. MARTINEZ
        Florida Bar No.: 1049428

*[CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE]*

CASE NO: 1:25-CV-20684-RKA

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 12th day of March, 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Defendant,*
*FEH TRANSPORTATION LLC*
9150 South Dadeland Boulevard
Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (786) 268-6415
Primary e-mail: franklin.jara@csklegal.com
Secondary e-mail: andres.martinez@csklegal.com
Alternate e-mail: paola.valdes@csklegal.com

By: */s/ Franklin A. Jara*
FRANKLIN A. JARA
Florida Bar No.: 636681
ANDRES J. MARTINEZ
Florida Bar No.: 1049428